UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN HAMILTON,<br><br>Defendant. | No. 1:20-cr-00223-ADA-1<br><br>ORDER GRANTING DEFENDANT'S PETITION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(ECF Nos. 3, 7) |

On November 20, 2020, then-assigned District Judge for the Eastern District of California ordered the acceptance and assumption of Defendant Brian Hamilton ("Defendant") by this Court from and after the entry of the order. (ECF No. 2 at 1.) Prior to transferring jurisdiction, the Central District of Illinois had jurisdiction over Defendant. (*Id.*) Defendant currently serves a term of supervised release from March 12, 2018, to March 11, 2028, for the offense of conspiracy to distribute cocaine under 21 U.S.C. § 841(a)(1). (*Id.*)

On March 4, 2021, Defendant filed a petition for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 3.) Then-assigned District Judge directed the United States to file a response to Defendant's petition by July 12, 2021. (ECF No. 4.) On July 12, 2021, the United States timely filed an opposition to Defendant's petition. (ECF No. 5.) Subsequently, on August 24, 2022, the case was reassigned from then-assigned District Judge to the undersigned. (ECF No. 6.)

On September 23, 2022, Defendant filed another petition for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 7.) The petition is identical to the one filed on March 4, 2021. The Court directed the United States to file a response to the request by May 9, 2023. (ECF No. 8.) On May 2, 2023, the United States timely filed a statement of non-opposition to Defendant's petition. (ECF No. 10.)

**I. Legal Standard for Early Termination of Supervised Release**

According to 18 U.S.C. § 3583(e)(1), the Court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). The Court may consider the factors set forth in 18 U.S.C. § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), (a)(2)(B) (to afford adequate deterrence to criminal conduct), (a)(2)(D) (to provide the defendant with needed correctional treatment), (a)(4) (the kinds of sentence and the sentencing range), (a)(5) (any pertinent policy statement), (a)(6) (avoid unwarranted sentence disparities among similarly-situated defendants), and (a)(7) (to provide restitution to any victims of the offense). *See* 18 U.S.C. § 3553.

**II. Discussion**

In his petition, Defendant argues that he has shown exemplary post-conviction adjustment and conduct, including fully complying with the Court's express terms of supervised release. (ECF No. 7 at 2.) Defendant expresses that he has abstained from drug usage, has fully complied with the law, and has diligently followed probation's requirements. (*Id.*) Defendant further explains that he meets all the criteria that the Court may consider under 18 U.S.C. § 3553. (*Id.*) He has reintegrated himself into his community through family employment. (*Id.*) Defendant also notes that he did not play an aggravated role in his convicted offense; that he lacks a history of violence; that he has not been recently arrested or convicted; and that there are no identifiable risks to a

1  victim. (*Id.* at 2-3.) Therefore, Defendant requests for early termination of his supervised release.

2  In reply, the United States joins in the probation office's non-opposition to Defendant's motion. (ECF No. 10.) "The government has conferred with [Defendant's] probation officer who indicated that [Defendant] has complied with all the terms of his conditions of supervised release. The probation officer has further relayed that his office does not oppose [Defendant's] petition for early termination of supervised release." (*Id.* at 1.) The United States further notes that unlike the first time that Defendant moved for early termination of supervised release, Defendant has now served over half of his imposed term of supervision. (*Id.*)

Here, the Court grants Defendant's petition for early termination of supervised release. As the United States noted, Defendant has now served over half of his imposed term of supervision, so he is now eligible to file a petition pursuant to 18 U.S.C. § 3583(e)(1). Second, the consideration of the 18 U.S.C. § 3553 factors support early termination. Because Defendant has now served over half of his imposed term of supervision and has fully complied with the terms of his supervised released, the sentence Defendant has served affords adequate deterrence to future criminal conduct. Defendant's term of supervised release also reflects the nature and circumstances of his offense and Defendant's lack of criminal history. Third, neither the probation office nor the United States opposes the early termination because Defendant has complied with all the terms of his conditions of supervised release. Given the probation office's recommendation, the United States' non-opposition to the petition, and consideration of the 18 U.S.C. § 3553 factors, the Court grants Defendant's petition for early termination of supervised release.

///
///
///
///
///
///
///
///

**III. Conclusion**

Accordingly,

1. The Court grants Defendant's petition for early termination of supervised release, (ECF No. 7).

IT IS SO ORDERED.

Dated:   May 30, 2023                               _____
                                                    UNITED STATES DISTRICT JUDGE